

**Efrem Schwalb**
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

May 6, 2021

**VIA ECF**

Honorable Lashann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re:    *Rossi v. Gem Nation Corporation*
               No. 1:21-cv-02197-LDH-PK

Dear Judge DeArcy Hall:

This firm was just recently retained to represent plaintiff Adolpho Rossi. We respond to Defendant's letter requesting a pre-motion conference. (Dkt. 18). We apologize that our client did not respond earlier; he had been represented by Florida counsel, who was unfamiliar with the pre-motion conference procedure commonly used in federal courts in New York.

**Plaintiff Opposes Dismissal Of The Fraud Claim**

Defendants seek dismissal based on the statute of limitations. But as they acknowledge, the discovery rule extends the statute of limitations to two years after discovery. CPLR 203(g)(1), 213(8). The Complaint expressly states that plaintiff did not discover the fraud until March 2020, and he filed suit in October 2020, well within the two-year period.

Defendants avoid this rule by arguing that Mr. Rossi could have had the diamonds at issue analyzed at any time after their delivery at various times in 2010. But this confuses whether Mr. Rossi *could* have had the diamonds evaluated, with whether "reasonable diligence" *required* him to do so. The law is clear that it does not.

"New York courts have exhibited a reluctance to impute discovery to a plaintiff maintaining a claim of fraud who has no reason to suspect that he has been defrauded." *Itakura v. Primavera Galleries Inc.*, 2009 WL 1873530, *4 (S.D.N.Y. 2009)(*quoting Rosen v. Spanierman,* 894 F.2d 28, 36 n. 2 (2d Cir.1990)). In *Itakura*, the plaintiff had purchased two expensive designer chairs, and then found out twenty years later that they were fake when she had them appraised by an auction house.

The court held that the discovery rule applied, because she had no reason to suspect they items were fake, and did not find out they were until later. This was the case even though the defendants argued that the plaintiff was a professional art dealer who should have detected the fake. *Id. Accord Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 463 (S.D.N.Y. 2015)

**KOFFSKY SCHWALB**LLC

Honorable Lashann DeArcy Hall
May 6, 2021
Page 2

(applying same reasoning in case involving forged artwork). *Cf. Hudak v. Econ. Research Analysts, Inc.,* 499 F.2d 996, 1002 (5th Cir. 1974) ("[W]hile the law of fraud does not endorse a 'hear no evil, see no evil approach,' neither does it require that an aggrieved party have proceeded from the outset as though he were dealing with thieves.")

This case involves diamonds misrepresented to be of far better quality than they truly are. Diamonds are an inherently unique product where defects, impurities, or value cannot easily be ascertained by the naked eye. Deciphering the color, clarity, or inferiority of a diamond is the result of years of specialized training.

Mr. Rossi is a layman—not a gemologist. He has no experience in appraising diamonds and has undergone no such training. Defendant, on the other hand, is an established jeweler with expertise in diamonds and their grading. Mr. Rossi simply had no reason to suspect that he was being swindled or have the diamonds he purchased analyzed before he sold them.

Defendant's reliance on *Garguilio v Garguilio*, 201 A.D.2d 617 (2d Dept. 1994) is misplaced. That case did not involve the sale of specialized items like diamonds or artwork. Rather, that case involved a separation agreement, which one spouse claimed had been fraudulently induced or coerced and sought to have declared invalid. The Appellate Division upheld dismissal of her claim on statute-of-limitations grounds, rejecting application of the discovery rule, because "the wife must have been aware of the alleged fraud or coercion which would have occurred in 1967, many years before she raised that contention for the first time in 1983." *Id.* Those facts are inapposite to the facts of this case.

Plaintiff will accordingly oppose any motion to dismiss the fraud claim.

**Plaintiff Seeks To Amend Its Complaint**

We also seek a pre-motion conference for a motion for leave to amend the Complaint to add a claim for negligent misrepresentation. Where, as here, a negligent representation claim is based on fraudulent conduct, the statute of limitations is the same as for fraud, *i.e.,* the longer of six years or two years from discovery. *Von Hoffmann v. Prudential Ins. Co. of Am.*, 202 F. Supp. 2d 252, 263–64 (S.D.N.Y. 2002); *Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 168 A.D.3d 1162, 1166 (3d Dept. 2019). For the same reasons stated above as to fraud, a negligent misrepresentation claim would be timely. Defendant's counsel advised me that it is not inclined to consent to the filing of an amended complaint but would reserve coming to a final conclusion until after it reviews the proposed amendment.

In the interest of efficiency, we would suggest that the Court first grant leave to amend, and then Defendant can move to dismiss, if it deems that appropriate. Finally, we are still investigating

**KOFFSKY SCHWALB**LLC

Honorable Lashann DeArcy Hall
May 6, 2021
Page 3

whether the breach-of-contract claim is timely under applicable law. In the event that we conclude it is untimely, it would be removed from Plaintiff's Amended Complaint.

Respectfully Submitted,

*/s/ Efrem Schwalb*

Efrem Schwalb
Counsel for Plaintiff Adolpho Rossi