UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
ADOLPHO ROSSI,

                Plaintiff,                         **REPORT AND RECOMMENDATION**

        -against-                    21-CV-2197 (LDH) (TAM)

GEM NATION CORPORATION,

                Defendant.
----------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Adolpho Rossi, a citizen of Florida, brings this case claiming fraud related to his purchase of diamonds in 2010 from Defendant Gem Nation, a Delaware corporation with its principal place of business in Brooklyn, New York. (*See* Proposed Amended Complaint ("Proposed Am. Compl."), ECF No. 22-1, ¶¶ 1, 7–8; Order on Mot. to Dismiss, ECF No. 14, at 11.) Plaintiff claims Gem Nation misrepresented the clarity and color of certain diamonds, causing him to pay more than the gems were worth. (Proposed Am. Compl. ¶¶ 1–2, 15–19.) Plaintiff alleges that he discovered the fraud in 2020, when he sought to liquidate some of the stones. (*Id.* ¶ 2.)

Plaintiff now seeks to file an amended complaint alleging fraud and negligent misrepresentation under New York law. (*See* Plaintiff's Motion to Amend Complaint, ECF No. 22 (referred to herein as "Motion to Amend" or "Mot. to Amend"); Mem. in Support, ECF No. 22-3.) On June 7, 2021, District Judge LaShann DeArcy Hall referred the motion to the assigned Magistrate Judge for a Report and Recommendation. For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion to amend be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 1, 2020, Plaintiff filed suit against Defendant Gem Nation in Florida state court, alleging fraud and breach of contract. (*See* State Court Complaint, ECF No. 1-2.) Shortly thereafter, Gem Nation removed the case to federal court, and it was then transferred to the Eastern District of New York on jurisdictional grounds, where it was filed on April 21, 2021. (*See* Notice of Removal, ECF No. 1; Order on Mot. to Dismiss, ECF No. 14, at 11; ECF No. 15, transferring case.)

Following transfer of the case to this Court, Plaintiff filed a Motion for a Pre-Motion Conference (ECF No. 20), and, on May 24, 2021, the instant Motion to Amend. Together with the notice of motion, Plaintiff filed the Proposed Amended Complaint (ECF No. 22-1), an exhibit in support (ECF No. 22-2), a memorandum in support (ECF No. 22-3), notice to defense counsel dated May 14, 2021 (ECF No. 22-4), and a letter from defense counsel Avram E. Frisch, Esq., dated May 24, 2021, on behalf of Defendant Gem Nation (ECF No. 22-5) (referred to herein as "Def.'s May 24, 2021 Letter"). Notably, Def.'s May 24, 2021 Letter indicates that Defendant does not oppose Plaintiff's motion to amend, but posits defenses and arguments on the merits of the case, which Defendant anticipates including in a motion to dismiss.[1] (*Id.* at 1.)

---

[1] Although Defendant does not object to the filing of an amended complaint, Gem Nation contends that Plaintiff's claims are barred by the applicable statute of limitations, that the Plaintiff has failed to properly allege fraud, and that the Plaintiff's negligent misrepresentation claim should be dismissed. (Def.'s May 24, 2021 Letter, ECF No. 22-5, at 2–3.) These arguments are premature at this stage, where the inquiry focuses on whether the facts alleged are sufficient for Plaintiff's claims to have "'facial plausibility,'" as discussed below. *Chung v. City Univ. of New York*, 605 F. App'x 20, 21 (2d Cir. 2015) (summary order) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

# DISCUSSION

I. <u>Legal Standard</u>

Leave to amend a complaint is permitted under Federal Rule of Civil Procedure 15(a)(2) "with the opposing party's written consent" or leave of court. Rule 15(a)(2) further provides that "[t]he court should freely give leave [to amend] when justice so requires." As a general rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

A motion to amend a pleading under Rule 15(a) should be denied, however, "if there is an 'apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

II. <u>Analysis</u>

As noted above, Defendant Gem Nation does not object to Plaintiff's filing an amended complaint. (Def.'s May 24, 2021 Letter, ECF No. 22-5, at 1.) Given that Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "with the opposing party's written consent," the rule on its face would permit Plaintiff to file his Proposed Amended Complaint. In addition, Defendant has not argued and the current record provides no suggestion that Plaintiff's Proposed Amended Complaint would

cause undue delay or prejudice, or that Plaintiff is acting in bad faith or with a dilatory motive. *See generally Dluhos*, 162 F.3d at 69.

Moreover, amending the complaint would not be a futile endeavor. Futility will be found if an amended complaint fails to state a claim on which relief can be granted. *Chung v. City Univ. of New York*, 605 F. App'x 20, 21 (2d Cir. 2015) (summary order) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002)). As the Second Circuit has observed, "[a] claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Chung*, 605 F. App'x at 21 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A. <u>Plaintiff's Fraud Claim</u>

To prove a fraud claim under New York law,[2] a "plaintiff must establish that: '(1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance.'" *Liberty Mut. Ins. Co. v. Palace Car. Servs. Corp.*, No. 06-CV-4881 (FB) (CLP), 2007 WL 2287902, at *2 (E.D.N.Y. Aug. 8, 2007) (quoting *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 940 (2d Cir. 1998)).

Plaintiff's fraud claim, as alleged in the Proposed Amended Complaint, states facts sufficient to establish the elements of fraud under New York law, and that he "relied on the defendant's misrepresentations and that this reliance caused [him]

---

[2] The analysis herein is based on New York law, which is the law used in the parties' filings. *See* Def.'s May 24, 2021 Letter (analyzing statute of limitations under New York law); Plaintiff's Mem. in Support & Response, ECF Nos. 22-3 & 23 (analyzing claims under New York law). Given the parties' apparent agreement that New York law governs this action, this Court need not reach the choice of law question for purposes of this motion.

4

injury." *Itakura v. Primavera Galleries Inc.*, No. 08-CV-9027 (HB), 2009 WL 1873530, at *4 (S.D.N.Y. June 30, 2009) (citing *Rosen v. Spanierman*, 894 F.2d 28, 34 (2d Cir. 1990)). *See also Shetel Indus. LLC v. Adin Dental Implant Sys., Inc.*, 493 F. Supp. 3d 64, 106 (E.D.N.Y. 2020) ("Under New York law . . . '[t]he required elements of a common-law fraud claim are a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury[.]'" (quoting *Ambac Assurance Corp. v. Countrywide Home Loans*, 31 N.Y.3d 569, 578–79 (2018)) (modification in *Shetel Indus. LLC*).[3] Because Plaintiff's Proposed Amended Complaint includes sufficient facts to establish a facially plausible fraud claim, permitting him to file would not be futile.

B. <u>Negligent Misrepresentation Claim</u>

"'Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by

---

[3] The Proposed Amended Complaint alleges facts with particularity as required when pleading fraud, pursuant to Federal Rule of Civil Procedure Rule 9(b), by (1) including specific statements Plaintiff contends were fraudulent, *e.g.*, misrepresentations regarding the color and cut of the diamonds (*see, e.g.*, Proposed Am. Compl. ¶¶ 17–19 & Ex. A to Proposed Amended Compl., ECF No. 22-2 (including highlighted invoices specifying which diamonds were misrepresented)); (2) identifying the speakers as Gem Nation employees, including one of the alleged speakers by first and last name (Proposed Am. Compl. ¶¶ 3, 11–12); (3) providing detail as to how and when specific oral and written misrepresentations were allegedly made to Plaintiff (Proposed Am. Compl. ¶¶ 14, 16, 18, 23); and (4) explaining that the statements and representations were fraudulent because the diamonds were not of the quality represented by Gem Nation when Plaintiff made the decision to purchase them (Proposed Am. Compl. ¶¶ 18–19, 27). *See generally Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 452 (E.D.N.Y. 2013) (discussing the particularity of pleading required for fraud under Fed. R. Civ. P. 9(b)). *See also Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (discussing particularity needed under Fed. R. Civ. P. 9(b)); *Itakura*, 2009 WL 1873530, at *4 (discussing Fed. R. Civ. P. 9(b) requirements in the context of a fraudulent inducement claim) (citing *Simon-Whelan v. Andy Warhol Found. for the Visual Arts, Inc.*, No. 07 Civ. 6423 (LTS), 2009 WL 1457177, at *9 (S.D.N.Y. May 26, 2009)).

5

the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.'" *Shetel Indus. LLC*, 493 F. Supp. 3d at 117 (quoting *Hydro Inv., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000)); *see also Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 910 F. Supp. 2d 543, 546 (S.D.N.Y. 2012) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011)).

Although "a simple commercial relationship" will not generally constitute the kind of "special relationship" necessary to support a negligent misrepresentation claim, *FLB, LLC v. 5Linx*, 821 F. Supp. 2d 548, 561 (W.D.N.Y. 2011), there is a factual dimension to this inquiry, and there may be circumstances where a commercial transaction gives rise to such a claim. As Judge Bianco has observed:

> Generally, "[t]o state a claim for negligent misrepresentation in connection with a commercial transaction, a plaintiff must plead justifiable reliance." *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 821 F. Supp. 2d 616, 623–24 (S.D.N.Y. 2011). A court assessing reliance under New York law must consider three factors: "'whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose.'" *Id.* at 624 (quoting *Kimmell v. Schaefer*, 89 N.Y.2d 257, 264 (1996)).

*Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 474–75 (E.D.N.Y. 2013) (internal parallel citations omitted); *see also Rutkowski v. First Horizon Home Loans*, 117 A.D. 1265 (N.Y. App. Div. 2014) (observing that "'liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust'" (quoting *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 578 (2011)). In denying the defendant's motion to dismiss a negligent misrepresentation claim in *Hughes*, Judge Bianco concluded that the plaintiffs had pled sufficient facts to proceed under New York law based in part upon

6

the claim that they relied upon marketing materials in which the defendants "allegedly held themselves out as holding a special type of expertise." *Hughes*, 930 F. Supp. 2d at 475.

In this case, Plaintiff's Proposed Amended Complaint includes allegations regarding Gem Nation's claims that it had specialized expertise and knowledge, and that it relied on independent certifying agencies to ascertain the quality of its gemstones. (Proposed Am. Compl. ¶¶ 4, 20.) The Proposed Amended Complaint also states that Gem Nation made specific, untrue claims regarding the color and clarity of particular diamonds, alleging that such determinations require specialized expertise. (*See* Proposed Am. Compl. ¶ 18 & Ex. A to Proposed Am. Compl., ECF Nos. 22-1 & 22-2.) Moreover, the Proposed Amended Complaint avers that Plaintiff, a layman, did not have experience with diamond sales, and was acting in reliance on Gem Nation in light of their claimed expertise. (Proposed Am. Compl. ¶ 11–21, 35.) These allegations state claims "from which a special relationship under New York law might be inferred," *Hughes*, 930 F. Supp. 2d at 475.[4] Plaintiff should thus be permitted the opportunity to include his negligent misrepresentation claim in an amended complaint.

## CONCLUSION

In light of the allegations set forth in the Proposed Amended Complaint and the applicable law, it is respectfully recommended that Plaintiff's Motion to Amend (ECF No. 22) be granted. For the reasons discussed above, the allegations contained in the

---

[4] *Cf. Suez Equity Invs., L.P. v. Toronto–Dominion Bank,* 250 F.3d 87, 104 (2d Cir. 2001) ("Given that a determination of whether a special relationship exists is essentially a factual inquiry, these allegations are sufficient to overcome a motion to dismiss."); *see also Kimmell v. Schaefer,* 89 N.Y.2d 257, 264 (1996) ("Whether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally raises an issue of fact.").

7

Proposed Amended Complaint state plausible claims that may be a proper subject of relief against Defendant Gem Nation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (observing, in the context of a motion to dismiss, that plaintiffs must allege only "enough facts to state a claim to relief that is plausible on its face"). In addition, this is Plaintiff's first proposed amended pleading following removal of this case from state to federal court, and the transfer of the case from Florida to the Eastern District of New York. Moreover, Defendant Gem Nation does not object to the filing of the Proposed Amended Complaint and for the reasons discussed herein, permitting its filing would not be a futile endeavor. For these reasons, it is respectfully recommended that Plaintiff Adolpho Rossi be permitted to file his Proposed Amended Complaint (ECF No. 22-1).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
July 27, 2021

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE