

**Efrem Schwalb**
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

August 26, 2021

**VIA ECF**
Honorable Lashann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re:    *Rossi v. Gem Nation Corporation*
                No. 1:21-cv-02197-LDH-PK

Dear Judge DeArcy Hall:

We represent plaintiff Adolpho Rossi and respond to Defendants' letter requesting a pre-motion conference. (Dkt. 26). In the event a motion to dismiss is filed, Plaintiff will oppose that motion for all the reasons already articulated on Plaintiff's motion for leave to amend the complaint.

These reasons were adopted in full by Magistrate Judge Merkl in her Report and Recommendation dated July 27, 2021 (Dkt. 25), to which Defendants did not object. The Report and Recommendation expressly *rejected* all of the arguments raised in Defendants' letter, finding that their statute of limitations defense was "premature" and that the allegations of the Amended Complaint state plausible claims for fraud and negligent misrepresentation. (Dkt. 25 at 2 n.1, 5, 7)

This finding on a motion to amend is now law of the case, and precludes a motion to dismiss. *See Firestone v. Berrios,* 42 F. Supp. 3d 403, 412 (E.D.N.Y. 2013) (holding that state court ruling granting motion to amend complaint and finding that proposed amended complaint stated a claim before case was removed to federal court, was law of the case and precluded motion to dismiss).

A motion to dismiss would be a waste of the resources of the Court and the parties. This case has been on hold for an extended period of time. Defendants should answer the Amended Complaint and discovery should commence.

**<u>Dismissal Based on Statute of Limitations is Improper</u>**

Defendants seek dismissal based on the statute of limitations. But as they acknowledge, the discovery rule extends the statute of limitations to two years after discovery. CPLR 203(g)(1), 213(8). The Amended Complaint expressly states that plaintiff did not discover the fraud until March 2020, and he filed suit in October 2020, well within the two-year period.

**KOFFSKY SCHWALB**LLC

Honorable Lashann DeArcy Hall
August 26, 2021
Page 2

Defendants' attempt to avoid this rule by arguing that Mr. Rossi could have had the diamonds at issue analyzed at any time after their delivery at various times in 2010. But this confuses whether Mr. Rossi *could* have had the diamonds evaluated, with whether "reasonable diligence" *required* him to do so. The law is clear that it does not.

"New York courts have exhibited a reluctance to impute discovery to a plaintiff maintaining a claim of fraud who has no reason to suspect that he has been defrauded." *Itakura v. Primavera Galleries Inc.*, 2009 WL 1873530, *4 (S.D.N.Y. 2009) (*quoting Rosen v. Spanierman,* 894 F.2d 28, 36 n. 2 (2d Cir.1990)). In *Itakura*, the plaintiff had purchased two expensive designer chairs, and then found out twenty years later that they were fake when she had them appraised by an auction house.

The court held that the discovery rule applied, because she had no reason to suspect they items were fake, and did not find out they were until later. This was the case even though the defendants argued that the plaintiff was a professional art dealer who should have detected the fake. *Id. Accord Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 463 (S.D.N.Y. 2015) (applying same reasoning in case involving forged artwork). *Cf. Hudak v. Econ. Research Analysts, Inc.,* 499 F.2d 996, 1002 (5th Cir. 1974) ("[W]hile the law of fraud does not endorse a 'hear no evil, see no evil approach,' neither does it require that an aggrieved party have proceeded from the outset as though he were dealing with thieves.")

This case involves diamonds misrepresented to be of far better quality than they truly are. Diamonds are an inherently unique product where defects, impurities, or value cannot easily be ascertained by the naked eye. Deciphering the color, clarity, or inferiority of a diamond is the result of years of specialized training.

Mr. Rossi is a layman—not a gemologist. He has no experience in appraising diamonds and has undergone no such training. Defendant, on the other hand, is an established jeweler with expertise in diamonds and their grading. Mr. Rossi simply had no reason to suspect that he was being swindled or have the diamonds he purchased analyzed before he sold them.

Defendant's reliance on *Garguilio v Garguilio*, 201 A.D.2d 617 (2d Dept. 1994) is misplaced. That case did not involve the sale of specialized items like diamonds or artwork. Rather, that case involved a separation agreement, which one spouse claimed had been fraudulently induced or coerced and sought to have declared invalid. The Appellate Division upheld dismissal of her claim on statute-of-limitations grounds, rejecting application of the discovery rule, because "the wife must have been aware of the alleged fraud or coercion which would have occurred in 1967, many years before she raised that contention for the first time in 1983." *Id.* Those facts are inapposite to the facts of this case.

**KOFFSKY SCHWALB**LLC

Honorable Lashann DeArcy Hall
August 26, 2021
Page 3

**Both Counts State a Claim**

Defendants' letter provides *no* argument for its assertion that the fraud claim does not state a claim. Defendants make two arguments for the dismissal of the claim for negligent misrepresentation, but neither of them are valid. Defendant argues that the Amended Complaint does not allege a special relationship. But Magistrate Judge Merkl found the complaint did properly do so. Defendants' argument simply ignores the Amended Complaint, which clearly alleges that Defendant was a person "who possess[es] unique or specialized expertise" and provided the background facts supporting that allegation. (Am. Compl. ¶¶ 26, 31). *See, e.g., Hughes v. Ester C Co*., 930 F. Supp. 2d 439, 475 (E.D.N.Y. 2013) (denying dismissal of negligent misrepresentation claim because the defendants "held themselves out as holding a type of special expertise regarding the purported health benefits of Ester–C").

Defendants' also argue that the negligent misrepresentation is duplicative of Plaintiff's fraud claim. That assertion is false. They are two separate claims with different elements and Plaintiff has properly pleaded both claims in the Amended Complaint. Second Circuit Courts have repeatedly sustained both intentional and negligent misrepresentation claims in a complaint. *See, e.g., Carematrix of Massachusetts, Inc. v Kaplan*, 2006 WL 8439674, at *7 (E.D.N.Y. June 21, 2006); *Hallett v Stuart Dean Co.*, 481 F Supp 3d 294, 307-08 (S.D.N.Y. 2020); *Basso v. New York Univ.*, 2017 WL 1019505, at *6 (S.D.N.Y. Feb. 24, 2017). Plaintiff cites no New York authority that holds that both claims cannot be asserted on the same facts.

Finally, Defendant's letter asserts facts about what "it regularly informed customers" and its "no questions asked return policy" which are not in the Amended Complaint (Dkt. 22-5 at 2), and which are disputed by Mr. Rossi. This only highlights that Defendant's contemplated motion is not proper for a motion dismiss.

For all these reasons, Mr. Rossi will oppose the motion to dismiss.

Respectfully Submitted,

*Efrem Schwalb*

Efrem Schwalb
Counsel for Plaintiff Adolpho Rossi